UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 1:05CV1218 JDT-TAB |
| | ) | |
| SYLVESTER JACKSON | ) | |
| | ) | |
| Defendant | ) | |

**DECREE OF FORECLOSURE**

Plaintiff, United States of America, by Randall E. Price, Special Assistant United States Attorney, having shown to the satisfaction of the Court that the defendant, Sylvester Jackson, has been duly served as more fully appears from the returns of service filed herein.

And it further appearing that the more than twenty (20) days have elapsed since service of the summons and complaint, that defendant, Sylvester Jackson, has failed to appear, answer or otherwise plead herein.

And it further appearing that the attorney for the plaintiff has filed an affidavit showing that the defendant herein is not known to be in the military service.

The Court now finds:

1. That the defendant, Sylvester Jackson, is in default and that the complaint as taken is confessed as true.

2. That each and every material allegation of the plaintiff's complaint is

true in substance and in fact and that the plaintiff is entitled to the relief therein prayed for.

3. That the defendant herein is not known to be in the military service of the United States or of any other nation.

4. That there is now due plaintiff from defendant, Sylvester Jackson, upon the installment contract sued on in plaintiff's complaint, the principal amount of $16,340.48, interest thereon in the amount of $1,190.57 through May 26, 2005, and daily accrual thereafter of $3.98 to date of this judgment, together with the costs of this action and accruing costs, and interest at the legal rate thereafter.  Said principal includes advances and charges in the amount of $2,715.28 as permitted in the provisions of the installment contract.

5. That said installment contract is a first and prior lien upon the real estate described in said complaint to the extent of said sums, and that the plaintiff is entitled to have said installment contract foreclosed against the interest of the defendants herein in the real estate situated in Madison County, State of Indiana, and described in plaintiff's complaint as follows:

> Lot Numbered 181 in Cumback's continuation of Shadeland Addition to the City of Anderson.

6. That plaintiff is entitled to immediate possession of said real estate.

It is therefore, ORDERED, ADJUDGED AND DECREED:

1. That the plaintiff have and receive from the defendant, Sylvester Jackson, the sum of $16,340.48 with interest thereon in the amount of $1,190.57 through May 26, 2005, and daily accrual thereafter of $3.98 to the date of this judgment, together

with the with the costs of this action and accruing costs, and interest at the legal rate thereafter, all without relief from valuation and appraisement laws.

  2. That the equity of redemption of the defendant, Sylvester Jackson, and all persons claiming by, through, or under him in and to the said real estate described herein be and the same are hereby forever barred and foreclosed; and that said real estate and all right, title, interest and claim of the defendants, and of all persons claiming by, through or under him in and to the same, or so much thereof as may be necessary for the purpose be sold by the United States Marshal for the Southern District of Indiana in accordance with the laws governing foreclosure of real estate installment contracts without relief from valuation and appraisement laws; and that the Marshal immediately upon consummating said sale shall issue a Marshal's deed to the purchaser.

  3. That the proceeds from said sale be applied as follows:

  (a) To the payment of all costs and accruing costs herein.

  (b) To the payment of the total amount of plaintiff's judgment with interest from the date of entry.

  (c) The overplus, if any remaining after the payment of the costs and accruing costs, and the foregoing judgments with all interest thereon, shall be paid to the clerk of the Court for the benefit of the persons lawfully entitled thereto and authorized to receive the same.

  4. In the event that proceeds of said sale shall be insufficient to pay the costs of this action and satisfy in full the sums due plaintiff herein, so that a deficiency exists, the plaintiff shall have a personal money judgment against the defendant, Sylvester Jackson, in the sum of the deficiency.

5. That the United States Marshal, upon consummating said sale, shall place the purchaser of said real estate in immediate possession thereof, subject to the rights, if any, of any tenant in possession.

It is further ORDERED, ADJUDGED AND DECREED by the Court that the purchaser at said sale be entitled to receive the deed to and possession of said real estate from the United States Marshal immediately upon confirmation of said sale by the Court; and the United States Marshal is hereby authorized and directed to dispossess and remove from said real estate without further order of the Court, any and all of the defendants or any persons claiming through them or other persons who lawfully detain possession of said real estate from the purchaser; and the said deed or conveyance shall forever bar and foreclose all of the right, title and interest of each and all of the defendants and of all persons claiming by, under or through them in and to said real estate.

Entered this __24th__ day of __October__, 2005.

_____
John Daniel Tinder, Judge
United States District Court